# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00516-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 7)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.     Screening Requirement**

Plaintiff Gary Ronnell Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action via an unsigned complaint on April 15, 2008. On April 30, 2008, Plaintiff filed a signed amended complaint in compliance with the Court's order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events at issue in this action allegedly occurred. Plaintiff alleges that Defendants Appeals Coordinators C. Pfeiffer and B. Gricewich, Warden A. Hedgpeth, and Inmate Appeals Branch Chief N. Grannis violated his rights under the United States Constitution by denying him due process and interfering with his right of access to the courts. Plaintiff is seeking money damages.

Plaintiff's claims arise from his inability to exhaust the prison's administrative grievance procedure. Plaintiff alleges that Defendants Pfeiffer and Gricewich failed to process his inmate appeals and denied him the ability to exhaust his claims as required by 42 U.S.C. § 1997e(a). Plaintiff's appeals were screened out and not processed by Defendants Pfeiffer and Gricewich. Defendant Hedgpeth failed to supervisor Pfeiffer and Gricewich, and ensure that prisoners are provided with an effective system to redress their staff grievances. Pfeiffer and Gricewich also operated under the supervision of Defendant Grannis.

### A. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the

protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff's allegations concerning the appeals process and its deficiencies "[do] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 484-86; Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). Because Plaintiff does not have a liberty interest at stake with respect to the inmate appeals process, Plaintiff's allegations do not give rise to a claim for relief under section 1983 for violation of the Due Process Clause. This claim is not curable through amendment, and the Court recommends it be dismissed.

### B.  Access to the Courts Claims

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

Plaintiff has not alleged the existence of any actual injury to litigation. Although claims must be exhausted via the inmate appeals process, 42 U.S.C. § 1997e(a), exhaustion is an affirmative defense which may be waived by the defendants, Jones v. Bock, 127 S.Ct. 910, 921 (2007). Further, it is speculative that Plaintiff will suffer an actual injury for failure to exhaust given that Plaintiff is

alleging misconduct of prison officials with respect to the processing and consideration of his appeals. Although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not

available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

Because it is not a foregone conclusion that Plaintiff's inability to exhaust will cause him to lose otherwise viable civil rights claims, Plaintiff's allegations do not support a cognizable claim for denial of access to the courts. This claim is not curable through amendment, and the Court recommends it be dismissed.

### III.    Conclusion and Recommendation

For the reasons set forth herein, the Court finds that Plaintiff's complaint fails to state any cognizable claims under section 1983. Because the deficiencies are not capable of being cured through amendment, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000), the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 5, 2008**              /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE