# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00516-AWI-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 7 and 8) |

　　　　Plaintiff Gary Ronnell Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　　On October 6, 2008, the Magistrate Judge filed a Findings and Recommendations that recommended the complaint be dismissed because Plaintiff had not alleged a cognizable claim. The Findings and Recommendations were served on Plaintiff and which contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations on November 3, 2008.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the objections, the court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge, Plaintiff's allegations concerning Defendants' failure to process Plaintiff's administrative appeals do not state a Fourteenth Amendment Due Process Clause violation because there is no liberty interest in the administrative appeals process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

　　　　In the objections, Plaintiff attempts to change the nature of this action from one

1  contending his due process rights were violated by Defendants' handling of his administrative
2  procedures to a contention that Defendants violated Plaintiff's due process rights when they
3  failed to process and mail personal artwork to family members.   Preliminarily, the court notes
4  that the complaint in this action clearly concerns Plaintiff's rights to petition the government, not
5  Plaintiff's property rights concerning artwork.   Plaintiff may not change the nature of this suit
6  by adding new claims in his objections. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)
7  (no "buckshot" complaints).   Regardless, from the complaint's allegations, Plaintiff has failed to
8  state a claim for a violation of his due process rights based on Defendants' not mailing his
9  personal artwork to family members.  The Due Process Clause protects prisoners from being
10 deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974),
11 and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728,
12 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is
13 actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)
14 (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521,
15 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee
16 does not constitute a violation of the procedural requirements of the Due Process Clause of the
17 Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."
18 Hudson v. Palmer, 468 U.S. 517, 533 (1984).   Here, while the objections imply Defendants
19 violated prison rules in not mailing the artwork to family members, the complaint's allegations
20 do not adequately state a claim for an unauthorized deprivation of property.
21          Accordingly, IT IS HEREBY ORDERED that:
22      1.   The Findings and Recommendations, filed October 6, 2008, is adopted in full;
23      2.   This action is dismissed, with prejudice, for failure to state a claim upon which
24           relief may be granted under section 1983;
25      3.   The Clerk of the Court is DIRECTED to close this file.
26 IT IS SO ORDERED.
27 **Dated:   December 15, 2008**              /s/ Anthony W. Ishii
                                        CHIEF UNITED STATES DISTRICT JUDGE
28